FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 0 8 2014 ★

BROOKLYN OFFICE

FILE #: 21016
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIE FRENCH,

                                Plaintiff(s),

        -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, FREDERICK MANNEY, AND
ROBERT AGATE,

                                Defendant(s)
----------------------------------------------------------------X

VERIFIED COMPLAINT
PLAINTIFF DEMANDS
TRIAL BY JURY

CV 14    2922

WEINSTEIN, J.
POHORELSKY, M.J.

      Plaintiff, complaining of the defendants by his attorney upon information and belief, respectfully allege(s):

### The Parties

      1.     Defendant THE CITY OF NEW YORK, is a municipality existing under and by virtue of the laws of the State of New York.

      2.     At all times relevant hereto defendant THE CITY OF NEW YORK operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

      3.     Defendant Police Officer FREDERICK MANNEY is employed as a police officer by the Police Department of the City of New York.

      3.     Defendant Police Officer ROBERT AGATE, is employed as a police officer by the Police Department of the City of New York.

      5.     That notice of plaintiff's claim and notice of intention to sue and of the time when and the place where the injuries alleged herein were incurred and sustained was duly filed by the plaintiff's with the Corporation Counsel of the defendant CITY and with the Comptroller of the defendant CITY and with the Legal Department of the department of the defendant NYCPD within 90 days after the cause of action herein accrued.

      6.     That 30 days have elapsed since filing Notice of Claim and that the hearing was held on 11/18/2013.

      7.     That more than 30 days have elapsed since the demand for claim upon which this action was founded was presented to the Comptroller Legal Department of the defendants CITY

and the Legal Department of the defendant NYCPD, for adjustment and that he has neglected and refused to make adjustment or payment thereof for said period of 30 days after such presentation, and that this action is commended within one year and ninety days after the cause of action accrued.

## Jurisdiction

1. Jurisdiction of this Court is founded upon 28 U.S.C. Subsections 1331, 1343(a)(3) and (4), 42 U.S.C Section 1983 and 1988. The matter in controversy in this action exceeds ONE HUNDRED AND FIFTY THOUSAND ($150,000.00) DOLLARS, exclusive of interest and costs. Pendant jurisdiction is invoked pursuant to 28 U.S.C Subsection 1367(a).

## AS AND FOR A FIRST CAUSE OF ACTION
## POLICY OF NON-FEASANCE IN THE PROTECTION OF PLAINTIFF'S CIVIL RIGHTS

1. At all times relevant hereto, defendant CITY OF NEW YORK employed the defendants FREDERICK MANNEY, AND ROBERT AGATE, as police officers in the New York City Police Department.

2. Upon information and belief, police officers employed by the defendants but not limited to FREDERICK MANNEY, AND ROBERT AGATE, are graduates of the Police Academy of the City of New York.

3. At all times relevant hereto, defendant CITY OF NEW YORK had the duty to competently and sufficiently train within the Police Academy and the Command, Precinct and Patrol levels, the defendant Police Officers in the protection of the Constitutional rights of the plaintiffs under the Fourteenth Amendment to the United States Constitution.

4. In addition, the defendant CITY OF NEW YORK had the duty to competently and sufficiently train within the Police Academy and the Command, Precinct and Patrol levels, the officers to conform their conduct to a standard, established by law, of the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as to not intentionally, wantonly, and/or negligently inflict injuries to citizens such as plaintiff herein.

5. On or about August 24, 2013 at approximately 12:00 AM, the plaintiff, WILLIE FRENCH, was present in the vicinity of premises known as 503 Williams Street, Brooklyn, New York.

6. Additionally, on or about August 24, 2013 at approximately 12:00 AM, the Police Officers including but not limited to FREDERICK MANNEY, and ROBERT AGATE, were present and on duty in the vicinity of premises known as 503 Williams Street, Brooklyn, New York.

7. Upon information and belief, commencing at approximately 12:00 AM, the individual defendant officers illegally trespassed, searched, invaded, intimidated and violated

plaintiff's civil rights, and was caused to sustain severe personal injuries committed upon him, put in imminent fear of life or limb, without probable cause, grounds or provocation.

8. Upon information and belief, the illegal trespass, search, intimidation and civil rights violation by defendants FREDERICK MANNEY and ROBERT AGATE, deprived plaintiff of his rights, liberties and freedoms under color of State law in violation of 42 U.S.C section 1983 as well as other applicable statutes, rules, regulations and laws.

9. Upon information and belief, as a result of the aforesaid illegal trespass, search, intimidation and civil rights violation of plaintiff WILLIE FRENCH, plaintiff was forcibly detained and illegally confined by defendants FREDERICK MANNEY and ROBERT AGATE. Defendants deprived plaintiff of his rights, liberties and freedoms under color of State law in violation of 42 U.S.C Section 1983.

10. As a further result of the deprivation of plaintiff WILLIE FRENCH's right to be free from the deprivation of rights guaranteed to them by the Fourteenth Amendment to the United States Constitution and all other statutes, rules, regulations and laws as well as the physical damage done to plaintiff by defendants FREDERICK MANNEY and ROBERT AGATE, plaintiff was caused to suffer injury and damage both mentally and physically, severe nervous shock, pain and suffering, psychological and emotional disturbances, public embarrassment, abusive treatment, verbal assault and abuse, put in imminent fear of life and limb, harassment, negligent and intentional infliction of emotional distress, and illegal confinement.

11. On or about August 24, 2013, in violation of the rights, privileges and immunities guaranteed to plaintiff under the Fourteenth amendment to the United States Constitution and under the color of the State law, the police officers and each of them, acting individually and in concert, in violation of 42 U.S.C Section 1983, while on duty, illegally trespassed, searched, invaded plaintiff's domicile, violated plaintiff's Civil Rights, intentionally and negligently inflicted emotional distress on plaintiff, and harassed plaintiff, even though defendants' employees knew or should have known that the plaintiffs were wholly innocent of any criminal charges.

12. The force used by the defendants was excessive, unnecessary, unwarranted, violent, and violated plaintiff's rights under 42 U.S.C section 1983.

13. That by reason of their illegal trespass, search of plaintiff's domicile, violation of plaintiff's Civil Rights, intentional and negligent inflection of emotional distress, harassment of plaintiff, personal injury, plaintiff's medical expenses, legal expenses, and hospital expenses WILLIE FRENCH has been damaged in an amount to determined upon trial of this action.

14. That upon information and belief, at all times herein mentioned, the plaintiff WILLIE FRENCH is a resident of the County of Kings, City and State of New York.

15. That upon information and belief, at all times herein mentioned, the defendant employed various persons as Police Officers who were duly designated to orderly conduct

various affairs within the City of New York, in the Borough of Brooklyn, County of Kings, City and State of New York.

16. That upon information and belief, at all times herein mentioned, various persons employed by the CITY AND NEW YORK POLICE DEPARTMENT and at the time and place of the occurrence complained of as hereinafter set forth were acting in the scope of their employment, on the business of the aforementioned CITY and NEW YORK CITY POLICE DEPARTMENT.

17. That upon information and belief at all times hereinafter mentioned, 503 William Street, is a private residence in the said County of Kings, Borough of Brooklyn, City and State of New York.

18. That upon information and belief, at all times hereinafter mentioned, on or about August 24, 2013 at approximately 12:00 AM various Police offices employed by the New York City Police Department and the City of New York were at the aforementioned location.

19. That as a result of appearing at the said location various Police Officers caused certain personal injuries, violation of Civil Rights, intentional and negligent infliction of emotion distress, harassment, and medical, legal, and hospital expenses, to the plaintiff WILLIE FRENCH.

20. That the said occurrence and the injuries resulting therefrom sustained by the plaintiff, WILLIE FRENCH, were caused by the reason of negligence, carelessness and intentional conduct of the defendants, their agents, servants and/or employees in the supervision and actions of those present.

21. That the defendant, CITY, and their agents, servants and/or employees were negligent and reckless in causing, allowing, permitting, intentionally, in failing to properly invoke correct and proper police procedure; in negligently and recklessly failing to speak to the plaintiff WILLIE FRENCH; in applying excessive force under the circumstances; in committing assault; in negligently and recklessly taking inappropriate actions; in intentionally assaulting the plaintiff without just cause; in negligently failing to properly identify themselves as Police Officers; in failing to act reasonably under the circumstances; in failing to properly supervise the offending Police Officers; in failing to give proper warnings; in departing from good and accepted police procedures; and otherwise being reckless and careless in the premises, all of which led to the aforementioned injuries sustained by plaintiff.

22. Upon information and belief, by reason of the foregoing, the plaintiff WILLIE FRENCH, sustained grievous personal injuries to various parts of his body; suffered great pain and anguish in body and mind; has received necessary hospital care and attention by reason of the injuries sustained by him; that plaintiff necessarily received medical care and treatment in connection with the injuries suffered by him and with which expenses have incurred.

23. That the defendant, CITY by its agents, servants and/or employees acted in a wanton, reckless and malicious manner whereby they show a pattern of harassment,

heedlessness, and an utter disregard of the result upon the rights and safety of the plaintiff and done so in an intentional and deliberate manner with knowledge of the plaintiff's rights and with an intention to interfere therewith.

22. That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be sick, sore, lame and disabled; has been as he has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

## AS AND FOR A SECOND CAUSE OF ACTION
## POLICY OF NON-FEASANCE IN THE PROTECTION OF PLAINTIFF'S CIVIL RIGHTS

1. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

2. On or about August 24, 2013 at approximately 12:00 AM, the plaintiff, WILLIE FRENCH, was present in the vicinity of premises known as 503 Williams Street, Brooklyn, New York.

3. That the defendant, CITY by its agents, servants and/or employees acted in a wanton, reckless and malicious manner whereby they show a pattern of harassment, heedlessness, and an utter disregard of the result upon the rights and safety of the plaintiff and done so in an intentional and deliberate manner with knowledge of the plaintiff's rights and with an intention to interfere therewith.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF WILLIE FRENCH

4. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

5. That on or about 8/24/2013, the defendant Police Officers did verbally, physically, intentionally, maliciously and deliberately abuse the plaintiff, with neither provocation nor privilege, and did commit an assault and battery upon plaintiff, causing severe personal injuries and serious and permanent bodily harm to the plaintiff.

6. That at the time of such malicious prosecution, the defendant Police Officers were employees of the defendants CITY and NYCPD and were acting as the defendants' agent in doing the acts complained of herein and was acting within the scope of their authority and while they were acting or attempting to be acting in the defendant's interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF WILLIE FRENCH

7. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

8. That or about 8/24/2013, the defendant Police Officers were negligent in causing and allowing and/or permitting their body or parts thereof to come in contact with the person of the plaintiff in such a manner as to cause severe personal injuries and serious and permanent bodily harm to the plaintiff WILLIE FRENCH.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF WILLIE FRENCH

9. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

10. That on or about , the defendant Police Officers alleged that they had been criminally and feloniously assaulted by the plaintiff, thereupon without warrant, probable cause or sufficient justification, arresting the plaintiff on the alleged charges and restraining and booking the plaintiff and depriving the plaintiff WILLIE FRENCH of his liberty.

11. That the charges filed by the defendant Police Officers were false and unsupported by the facts or the evidence.

12. That the defendant Police Officers knew that the charges were false and unsupported by the facts or the evidence.

13. That in making this charge and in causing the arrest and detention of the plaintiff WILLIE FRENCH the defendant Police Officers acted maliciously and wrongfully and with improperly and with intent to injure the plaintiff and with reckless disregard of the safety of the plaintiff.

14. That the charges brought by the defendant Police Officers are still pending in the Court.

15. That at the time of such malicious prosecution, the defendant Police Officers were employees of the defendants and were acting as the defendants' agents in doing the acts complained of herein and were acting within the scope of their authority and while they were acting or attempting to be acting in the defendants' interest.

16. That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be sick, sore, lame and disabled; has been as she has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention;

has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF WILLIE FRENCH

17. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

18. That the plaintiff WILLIE FRENCH was charged by the defendant Police Officers with felony assault.

19. That this arrest was illegal and without basis in fact or authority of law.

20. That plaintiff WILLIE FRENCH was deprived of his liberty, was held in the detention cells of the police station and then held in the detention cells of Central Booking and then held in the detention cells of the Courthouse.

21. As a result of the false arrest and illegal imprisonment which the plaintiff suffered, plaintiff's health was impaired, plaintiff suffered great mental distress, were incurred to secure his release.

22. That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be sick, sore, lame and disabled; has been as she has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF WILLIE FRENCH

23. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

24. That on or about 8/24/2013, the defendant Police Officers' acts constituted a willful and wanton disregard of the safety and Civil and constitutional rights of the plaintiff.

25. That by reason of the foregoing, the said plaintiff was caused to sustain serious,

harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be sick, sore, lame and disabled; has been as she has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

### AS AND FOR A EIGHTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES PREDICATED ON FALSE ARREST AND FALSE IMPRISONMENT ON BEHALF OF PLAINTIFF WILLIE FRENCH

26. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

27. That on or about 8/24/2013, plaintiff had an assault and battery committed upon him by defendant Police Officers at the location 503 Williams Street, Brooklyn, New York.

28. That on or about 8/24/2013, at 503 Williams Street, Brooklyn, New York, plaintiff was illegally placed in handcuffs and suffered public embarrassment, sustained physical abuse, harassment and illegal confinement by defendant Police Officers.

29. That on or about 8/24/2013, plaintiff was further harassed and illegally issued summonses by defendant Police Officers at the aforementioned location.

30. That on 8/24/2013, said summonses issued to the plaintiff by defendant Police Officers were dismissed by Criminal court of the City of New York.

31. That as a result of the harassment and illegal confinement which the plaintiff suffered, plaintiff's legal and constitutional rights were violated, plaintiff's health was impaired, plaintiff suffered great mental distress, his reputation and character were injured, his earning power impaired, all to plaintiff's damage in the sum of having a present value that exceeds the jurisdictional limits o fall lower court which would otherwise have jurisdiction fo this matter, along with fees, costs and expenses.

32. That as a result of the aforementioned described actions, including the use of excessive physical force and negligent infliction of emotional harm upon the plaintiff, the defendant Police Officers deprived plaintiff of the *rights, privileges and immunities* secured by the constitution and laws of the United States and Fourteenth Amendment.

33. As a result of the aforedescribed actions, these defendants individually deprived plaintiff of the *right to be free from unreasonable seizures* secured by the constitution and laws of the Unite States and Fourteenth Amendments.

34. As a result of the aforedescribed actions, the defendants individually deprived

plaintiff of his *right to liberty without due process* of law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.

35. As a result of the aforedescribed actions, the defendants individually deprived plaintiff of his *Equal Protection* under the law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.

36. The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. 1981, 1983, 1985 and 1986.

37. That it was necessary for plaintiff to hire the undersigned attorney to file this lawsuit and upon judgment, plaintiff is entitled to an award of attorney's fees under 42 UY.S.C. § 1988(b).

## AS AND FOR AN NINTH CAUSE OF ACTION
## FOR VIOLATION OF PLAINTIFF WILLIE FRENCH

38. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

39. On 8/24/2013, plaintiff suffered severe injuries and trauma to head, neck, Back, wrists, body limbs, emotional distress, physical, psychological and emotional disturbances when the defendant, Police Officers attacked plaintiff, threw him to the ground without provocation at the location 503 Williams Street, Brooklyn, New York.

40. Defendants used unreasonable, unnecessary and excessive force while arresting and detaining plaintiff.

41. That as a result of the aforedescribed actions, including the use of excessive physical force and negligent infliction of emotional harm upon the plaintiff, the defendant Police Officers deprived plaintiff of the *rights, privileges and immunities* secured by the constitution and laws of the United States and Fourteenth Amendment.

42. As a result of the aforedescribed actions, this defendant individually deprived plaintiff of the *right to be free from unreasonable seizures* secured by the constitution of the lawaas of the United States and Fourth and Fourteenth Amendments.

43. As a result of the aforedescribed actions, the defendant individually deprived plaintiff of his *right to liberty without due process* of law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.

44. The amount and type of the physical force used upon plaintiff by defendant was unnecessary, improper, excessive and not reasonably justified under any circumstances.

45. The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. 1981, 1983, 1985 and 1986.

46. The aforementioned acts of the defendant were intentional, willful malicious and performed with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being.

47. The aforementioned use of force and infliction of emotional harm caused immediate injury in the form of physical and emotional pain, suffering, shock, fright, humiliation embarrassment, disgrace and deprivation of plaintiff's constitutional rights.

48. That it was necessary fort plaintiff to hire the undersigned attorney to file this lawsuit and upon judgment, plaintiff is entitled to an award of attorney's fees under 42 U.S.C. § 1988(b).

WHEREFORE, plaintiff demands judgment against the defendants in each cause of action, separate and individual, in a sum to be determined upon trial of this action, together with the costs and disbursements of this action.

Yours,

HERBERT S. SUBIN, ESQ., (5499HSS)
FOR: SUBIN ASSOCIATES, LLP
Attorney for Plaintiff
150 Broadway, 23rd floor
New York, New York 10038

STATE OF NEW YORK)
COUNTY OF KINGS        )

The undersigned, affirms that the following statements are true under the penalties of perjury.

That deponent is the plaintiff in the within action; that deponent has read the foregoing **COMPLAINT** and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Information and investigation in the file.

*This SUMMONS AND COMPLAINT and the papers on which it is based, are certified pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR)*

_____
**WILLIE FRENCH**

SWORN TO BEFORE ME THIS
   DAY OF                                      , 2014